IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CR-223-BO

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JAMES LACY MOORE, )<br>)<br>Defendant. ) | **ORDER OF DETENTION PENDING TRIAL** |

This case came before the court on Friday, 23 August 2013, for a hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. At the hearing, defendant presented no evidence. At the court's request, the government provided a brief proffer of the evidence supporting its case. For the reasons stated below, the government's motion is GRANTED.

**Background**

Defendant was charged in a four-count indictment on 6 August 2013 with: engaging in the business of dealing in firearms beginning at a date unknown, but no later than on or about 26 January 2013, and continuing up to and including on or about 31 January 2013 in violation of 18 U.S.C. §§ 922 (a)(1)(A) and 924(a)(1)(D) (ct. 1); distribution of a quantity of oxycodone on or about 28 January 2013 in violation of 21 U.S.C. § 841(a)(1) (ct. 2); using and carrying a firearm during and in relation to the drug trafficking crime charged in count 2 and possessing the firearm in furtherance of such drug trafficking crime on or about 28 January 2013 in violation of 18 U.S.C.§ 924(c)(1)(a) (ct. 3); and possession of a stolen firearm on or about 31 January 2013 in violation of 18 U.S.C. §§ 922(j) and 924. The evidence presented at the hearing showed that the charges arise from a series of controlled purchases of firearms and oxycodone from defendant.

He was on state probation at the time of the alleged offenses. In addition to committing the alleged offenses, he has violated his probation by absconding.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies. The court finds that defendant, having presented no evidence, failed to rebut the presumption of detention. In accordance with this presumption, the court finds that there is no condition or combination of conditions that will reasonably assure the appearance of defendant as required and the safety of any other person or the community before trial.

Alternatively, the court finds that the proffer of the government and the information in the pretrial services report shows by clear and convincing evidence that there is no condition or combination of conditions that would reasonably assure the safety of any other person or the community and by a preponderance of the evidence that there is no condition or combination of conditions that would reasonably assure the appearance of defendant as required if he were released. This alternative finding is based on, among other facts, the drug- and gun-related nature of the charges against defendant, his commission of the alleged offenses while on probation, his criminal record (including two felonies and six misdemeanors), his absconding from probation supervision, and the sentence he faces if convicted.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an

attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 26th day of August 2013.

_____
James E. Gates
United States Magistrate Judge